IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY, | * | |
| | * | |
| | * | |
| Plaintiff, | * | Civil No. CCB-06-CV-3371 |
| | * | |
| v. | * | |
| | * | |
| ASCEND ONE CORPORATION, | * | |
| AMERIX CORPORATION | * | |
| FREEDOMPOINT CORPORATION | * | |
| FREEDOMPOINT FINANCIAL | * | |
| CORPORATION, | * | |
| 3C INCORPORATED, and | * | |
| BERNARD DANCEL | * | |
| | * | |
| Defendants. | * | |
| | ***** | |

**MEMORANDUM**

Plaintiff Ace American Insurance Company ("Ace") brings this action for a declaratory

judgment against defendants Ascend One Corp., et al. ("Ascend One").  On March 29, 2004, a

class action was filed against Ascend One in the District of Maryland; Judge Motz subsequently

ordered the case to arbitration proceedings.[1]  Ascend One asked Ace, from whom it had

purchased a Miscellaneous Errors and Omissions Policy ("E & O policy") and a Directors and

Officers Liability Policy ("D & O policy"), to defend them against the class action.  Ace refused

and filed this action requesting a declaratory judgment that Ace does not owe Ascend One a duty

to defend or indemnify under either policy because the class action is excluded from coverage.

Ascend One filed a motion for partial summary judgment on the duty to defend and Ace filed a

---

[1] The underlying case is Laverne *Jones v. Genus Credit Management Corp., et al.*  (JFM-04-136).

cross-motion for summary judgment.  Oral argument was heard on June 1, 2007.  I find that Ace

has a duty to defend Ascend One under the E & O policy; therefore, Ascend One's motion for

partial summary judgment on this issue will be granted.  Because the E & O policy provides a

duty to defend all defendants against the underlying class action, I need not address the D & O

policy, and Ascend One's motion for partial summary judgment as to the D & O policy therefore

will be denied without prejudice.  Plaintiff Ace's cross-motion for summary judgment will also

be denied.

## I.

The arbitration complaint at issue in this case alleges that Ascend One and the other

defendants engaged in "unfair, deceptive and misleading debt management, credit counseling,

budget planning and debt collection activities."  The defendants sold Debt Management Plans

("DMPs") to consumers.  Consumers who enrolled in DMPs made payments directly to Ascend

One instead of creditors; Ascend One then paid the creditors.  Ascend One promised that

enrollment in a DMP would lower monthly debt payments and interest rates, eliminate late fees,

quickly eliminate debts, and improve the credit of their clients.  Ascend One and the other

defendants styled themselves as non-profit organizations providing free services to consumers.

The complaint alleges that in reality they ran for-profit companies, did not substantially reduce

their clients' debts and interest rates, and charged consumers monthly fees.  Additionally,

Ascend One failed to disclose that some credit card companies refuse to lower interest rates and

will not waive fees for past due payments and that many creditors have recently increased the

interest rates they impose on consumers participating in DMPs.  Ascend One also failed to

disclose that they received a percentage of all payments submitted to creditors, which gave them

an incentive to counsel consumers not to file for bankruptcy.  Furthermore, they did not disclose

that many consumers participating in DMPs do not complete them and so do not eliminate their

debt.  The complaint also alleges that defendants failed to timely remit payments from

consumers to the consumers' creditors, causing the consumers to be charged late fees by their

creditors.

Based on these alleged facts, the arbitration complaint contains nine counts.  Mot. for

Partial Summ. J, Ex. A-3.  Counts I and II allege violations of the Fair Debt Collections Practices

Act and charge defendants with using false representations and unfair or unconscionable means

to induce consumers to participate in DMPs.  Count III alleges that defendants made untrue and

misleading statements in violation of the Credit Repair Organizations Act.  Count IV accuses

defendants of violating the Racketeer Influenced and Corrupt Organizations Act, in that

defendants used the mails or wires in interstate commerce in committing fraud.  Count V asserts

that defendants violated the Telemarketing and Consumer Fraud and Abuse Prevention Act by

engaging in deceptive and abusive telemarketing acts.  Count VI maintains that defendants

violated the Maryland Consumer Protection Act and the similar statutes of other states by

engaging in misrepresentations, omissions, and deceptive and misleading advertising.  Count VII

alleges that defendants violated the Maryland Debt Management Services Act and the similar

statutes of other states by offering debt management services without a license and by charging

fees in excess of those permitted.  Count IX alleges that defendants violated their fiduciary duties

of care, candor, and loyalty by engaging in self-dealing for their own benefit and by failing to

disclose conflicts of interest.[2]  Count X alleges that defendants committed common law fraud

---

[2] The complaint skips from Count VII to Count IX.

when they knowingly and/or recklessly made false statements for the purpose of inducing

plaintiffs to enroll in DMPs.

The arbitration complaint requested disgorgement of all proceeds unlawfully received by

defendants and an injunction preventing defendants from continuing to engage in the unlawful

and inequitable conduct alleged by plaintiffs.  Plaintiffs also requested compensatory, statutory,

exemplary, and punitive damages and attorney's fees.

**II.**

Under Maryland law, whether an insurance company has a duty to defend an insured

against a lawsuit is determined by a two-part inquiry:

> (1): what is the coverage and what are the defenses under the terms
> and requirements of the insurance policy? (2) do the allegations in
> the tort action potentially bring the tort claim within the policy's
> coverage?

*St. Paul Fire & Marine Ins. Co. v. Pryseski*, 438 A.2d 282, 285 (Md. 1981); *see also Cowan*

*Sys., Inc. v. Harleysville Mut. Ins. Co.*, 457 F.3d 368, 372 (4th Cir. 2006).  In this case, Ascend

One claims that the allegations of the arbitration complaint fall within the provisions of the

insurance policy provided by Ace, and thus Ace has a duty to defend Ascend One.  Ace does not

dispute that the general terms of the E & O policy cover the class action allegations but rather

claims that coverage is excluded by Exclusion J, which states that: "this policy does not apply to

any Claim against the Insured based on or arising out of . . . any dispute involving fees, expenses

or costs paid to or charged by the Insured."

The Maryland Court of Appeals has stressed that a duty to defend exists if there is any

chance that the allegations of the underlying action fall within the policy's terms: "Even if a tort

plaintiff does not allege facts which clearly bring the claim within or without the policy

coverage, the insurer still must defend if there is a *potentiality* that the claim could be covered by

the policy." *Brohawn v. Transamerica Ins. Co.*, 347 A.2d 842, 850 (Md. 1975) (emphasis in

original); *Cowan*, 457 F.3d at 372; *Warfield-Dorsey Co., Inc. v. The Travelers Cas. & Sur. Co.*

*of Illinois,* 66 F. Supp. 2d 681, 685 (D.Md. 1999).  If any of the claims in the underlying suit fall

within the terms of the policy, the insurer must defend all of the claims until such time as the

only claims remaining are those outside of the policy coverage.  *Utica Mut. Ins. Co. v. Miller*,

746 A.2d 935, 940 (Md. Ct. Spec. App. 2000).  "Doubts as to whether an allegation indicates the

possibility of coverage should be resolved in the insured's favor."  *Id*. at 940-41.

Both the Maryland Court of Special Appeals and Judge Motz in the District of Maryland

have analyzed exclusionary language similar to the fee exclusion at issue in this case.  In *Utica*

*Mutual Insurance Co. v. Miller*, the Maryland Court of Special Appeals determined the scope of

an exclusion from the duty to defend for "[a]ny liability for money received by an insured or

credited to an insured for fees, premiums, taxes, commissions, loss payments, or escrow or

brokerage monies."  746 A.2d at 935.  The underlying case involved claims by the Insurance

Company of North America ("CIGNA") that: 1) Miller owed CIGNA an accounting for

premiums he should have collected for CIGNA; 2) conversion; 3) breach of fiduciary duty; 4)

unjust enrichment; and 5) negligence.  *Id*. at 938.  Although the "primary thrust" of CIGNA's

complaint was that Miller stole over three hundred thousand dollars he received as premiums on

CIGNA's behalf, the complaint also alleged that he had violated both his duty to exercise

ordinary care in remitting funds to CIGNA and his duty to oversee the business so as to discover

and prevent the misuse of funds.  *Id*.  The court held that if "CIGNA's sole cause of action

asserted in the complaint was based on appellee's failure to remit premiums collected, we would

hold that appellant had no duty to defend under the monies received exclusion." *Id.* at 942. The

negligence claims, however, did not fall within the terms of the exclusion.[3] *Id*. Because these

claims were covered by the policy, the insurance company had a duty to defend Miller so long as

those claims remained. *Id.*

Judge Motz analyzed a similar exclusion in *Hartford Casualty Insurance Co. v. Chase*

*Title*, *Inc.*, 247 F. Supp. 2d 779 (D.Md. 2003). The underlying suit was a class action brought

against Chase and other defendants for alleged deceptive settlement practices on home mortgage

loans. *Id*. at 790. The five counts of the class action alleged violations of the District of

Columbia Consumer Protection Procedures Act ("CPPA") and the Real Estate Settlement

Procedures Act, in addition to common law claims for conversion, breach of fiduciary duty, and

negligence. *Id*. The insurance policy defined damages so as to exclude damages from "disputes

over fees, commissions, deposits, premiums or charges made for services rendered or which

should have been rendered." *Id*. at 781.

Judge Motz held that the class action potentially involved more than just a dispute over

fees, and thus the insurance company had a duty to defend Chase. *Id*. Analogizing to the *Miller*

case, he found that the "'primary thrust' of the class action complaint was a dispute over fees.

*Id.* at 782. The class action complaint, however, also alleged that defendants had violated the

CPPA by: 1) falsely representing that the HUD-1 settlement statements were accurate; 2) falsely

representing that loan disbursements were in conformance with the settlement statements; 3)

---

[3] The court noted that the claims for suit on account, conversion, breach of fiduciary duty, and money received were based on the premiums received and thus excluded from coverage, but did not elaborate on this finding. *Id*. at 942 n.1.

offering services they did not intend to provide; and 4) violating other statutory requirements

intended to protect real estate borrowers.  *Id.*  Judge Motz found that these allegations potentially

implicated more than just a fee dispute, and held that Hartford had a duty to defend Chase

against the entire action.  *Id.*

At oral argument, Ace did not deny that several of the allegations in this case are very

similar to the allegations in *Chase*, but rather argued that the exclusionary language in *Chase* is

much narrower than the language contained in Exclusion J.  The *Chase* language stated only that

damages did not include disputes over fees, and the language in this case excludes from coverage

all claims *arising out of* disputes involving fees, expenses or costs.  Ace contends that the

essence of the class action at issue is an allegation that Ascend One defrauded consumers by

requiring them to pay illegal fees and expenses and thus all of the claims arise from a dispute

involving fees, expenses, or costs.

As an initial matter, it is not nearly as clear as Ace supposes that fraud allegations such as

the one at hand are fairly characterized as arising from "fee disputes."  The simplest

understanding of a "fee dispute" is a disagreement regarding the amount the consumer paid for

services, not a disagreement regarding whether the provider ever intended to render the

contracted services at all.  Even if a fee dispute is defined more broadly, however, to include

claims that consumers were defrauded of the fees they paid to Ascend One, neither *Miller* nor

*Chase* supports Ace's argument that the plaintiff's overall theory of the case determines

coverage.  Rather both cases indicate that each individual count of the complaint must be

analyzed to determine whether it falls within the policy's coverage.[4]  In this case, the arbitration

complaint is not limited to a request that the allegedly fraudulently obtained fees be returned, nor

does it claim that the fees are the only damages.  Plaintiffs also allege that Ascend One caused

consumers to incur late fees, increase their debt, and hurt their credit ratings.  Additionally,

plaintiffs allege that Ascend One's practice of advising consumers not to file for bankruptcy

adversely affected consumers' financial situations.  None of the damages from these allegations

can fairly be said to arise from a dispute involving "fees, expenses or costs paid to or charged

by" Ascend One.[5]

     In fact, Ace admits in its reply memorandum that "if in providing debt management

services, the Ascend One parties collected but failed to timely pay its customer's creditor as

promised . . . any resulting liability from such failure . . . would fall within the scope of the

---

[4] Ace cites to *Eastern Shore Financial Resources, Ltd. v. Donegal Mutual Insurance Co.*
for the proposition that there is no potential for policy coverage when every count of the
complaint is premised upon the same excluded conduct.  581 A.2d 452 (Md. Ct. Spec. App.
1990).  The *Donegal* court found that a case including a negligence count, but entirely based on
factual allegations of intentional striking, pushing, and shoving, was precluded by the intentional
acts exclusion in the insurance policy.  *Id.* at 618-21.  Since none of the facts suggested that the
striking, pushing, or shoving was done negligently or that the harm resulting from it was
unexpected or unintended, the negligence count did not create a potentiality of coverage.  *Id.* at
620-21.  Ace argues that in this case all of the counts of the complaint incorporate facts alleging
that Ascend One engaged in fraudulent conduct for the purpose of extorting illegal fees from
consumers.  Ace ignores the fact that the factual allegations of misleading advertising, failure to
obtain a license, deliberately delaying payments to creditors, etc., are actionable by themselves
under various consumer protection statutes separate and apart from any role they might have
played in Ascend One's allegedly fraudulent scheme to obtain fees.

[5] Ace argues that the "arising out of" language is very broad and should be construed
accordingly.  Even accepting Ace's contention, the only way all of the claims alleged can be said
to arise from a fee dispute is by reasoning that the claims only arose because all of the consumers
at some point contracted with and paid money to Ascend One.  If this were the only limiting
factor, every claim a customer had against Ascend One would be excluded from coverage.

Insuring Agreement." Reply to Def.'s Opp. to Pl.'s Cross Mot. for Summ. J. at 6. As noted

above, the arbitration complaint does specifically allege that the Ascend One parties delayed

paying customers' creditors for the purpose of collecting interest on the money, which resulted

in late fees incurred by the customers. Therefore, by Ace's own admission, at least one

allegation of the complaint is not excluded by the fee dispute exclusion.

In summary, Ace argues that because all of the allegations in the complaint are related to

Ascend One's scheme to cheat consumers out of the fees they paid to Ascend One for services

they did not receive, all of the allegations must arise out of a fee dispute. Under Maryland law,

however, it is clear that in assessing a duty to defend the court must consider each claim

individually to determine whether it is excluded. Because at least one claim, the allegation that

Ace caused consumers to incur late fees, is not excluded by the fee dispute exclusion, Ace has a

duty to defend Ascend One against the entire action. Accordingly, Ascend One's motion for

partial summary judgment as to the duty to defend under the E & O policy will be granted, and

Ace's motion for summary judgment will be denied.

A separate order follows.


  June 15, 2007                                         /s/
      Date                                      Catherine C. Blake
                                                United States District Judge